IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| DIANE S. LAYNE, <br>     Plaintiff, <br><br> v. <br><br> WAL-MART STORES EAST, L.P., <br> d/b/a Wal-Mart Supercenter <br><br>     Defendant. | Case No. 4:06CV00025 <br><br> **MEMORANDUM OPINION** <br><br> By: Jackson L. Kiser <br>     Senior United States District Judge |

Before me now is the Defendant's Motion for Summary Judgment under Federal Rule of Civil Procedure 56. For the reasons stated herein, the Defendant's Motion for Summary Judgment will be **GRANTED**.

## I. STATEMENT OF THE CASE

The Plaintiff, Diane S. Layne ("Layne"), suffered an injury when a misplaced iron fell on her head while she was shopping at the Defendant's store in South Boston, Virginia on December 10, 2001. Layne intended to purchase an iron when she entered the store and walked directly to the aisle where the Defendant, Wal-Mart Stores East, L.P. ("Wal-Mart"), kept the irons. In that aisle, the irons were stacked in boxes on shelves. A middle shelf contained un-boxed irons on display. Layne determined which iron she wished to purchase and reached to grab the box while standing on her tip toes. She grasped the box, and while she removed it from

1

the shelf, she felt something strike her head. Uncertain of what had hit her, Layne looked into her shopping cart and saw an unboxed iron, which had fallen into the cart.

Layne maintains that she did not see the iron at any point before it landed in the shopping cart. She believes that the iron was probably placed atop the box she took from the high shelf but does not know if it was a display iron or an unpacked iron intended for sale. Finally, Layne does not know how the iron came to rest atop the box she picked or how long it had been in that position before it struck her.

## II. PROCEDURAL BACKGROUND

Layne filed this suit in the Circuit Court for the County of Halifax on April 29, 2005. On May 8, 2006, Wal-Mart removed the case to federal court. Wal-Mart filed a Motion for Summary Judgment and a Motion in Limine on December 5, 2006. Layne filed responses to both motions on January 2, 2007. I heard arguments from counsel on January 5, 2006, and the issue is therefore ripe for decision.

## III. LEGAL STANDARD

Summary judgment is appropriate when no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A genuine issue of a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citations omitted); *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1129 (4th Cir. 1987). Nevertheless, when the record taken as a whole cannot lead a rational trier of fact to

2

find for the nonmoving party, no genuine issue exists for trial and summary judgment is appropriate; that is, the moving party is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Additionally, "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

## IV.    DISCUSSION

In Virginia, a store owner owes its customers a duty to exercise ordinary care to correct or warn of dangerous conditions on the premises of which it knows or should know. *Winn-Dixie Stores, Inc. v. Parker*, 240 Va. 180, 182, 396 S.E.2d 649, 650 (1990) (*quoting Colonial Stores v. Pulley*, 203 Va. 535, 537, 125 S.E.2d 188, 190 (1962). Wal-Mart argues that Layne has not produced sufficient evidence to create a genuine issue over whether a dangerous condition existed in the store on December 10, 2001 and whether Wal-Mart had actual or constructive notice of that condition.

I will first consider the question of notice. Because Layne has not produced any evidence that indicates Wal-Mart actually knew of the iron's placement prior to the accident, she can only prevail if she can prove that Wal-Mart should have known of the iron's location. To prove that a store owner had constructive knowledge of an unsafe condition on the premises, a plaintiff must show that the unsafe condition "had existed for such a length of time as to make it the owner's duty in the exercise of ordinary care to have discovered it." *Roll 'R' Way Rinks, Inc. v. Smith*, 218 Va. 321, 327, 237 S.E.2d 157, 161 (1977) (*quoting Cannon v. Clarke*, 209 Va. 708, 712, 167 S.E.2d 352, 355 (1969)). Layne has also failed to produce any evidence concerning how long the free iron rested on top of the box before the accident. As a result, she cannot prove that Wal-

3

Mart had actual or constructive notice of the dangerous condition, a necessary element of her claim.

Layne has advanced several arguments for why summary judgment should not be entered in Wal-Mart's favor despite her inability to prove that Wal-Mart knew of the iron's placement or how long the iron sat on top of the box. None is with merit. First, Layne seeks to use the "foreseeability" test articulated by the Supreme Court of Virginia in *Memco Stores, Inc. v. Yeatman*, 232 Va. 50, 348 S.E.2d 228 (1986) as an alternate means of showing constructive notice. In *Yeatman*, the plaintiff slipped and fell on a leaf that had fallen from a display into the aisle of the defendant Memco's store. *Yeatman*, 232 Va. at 50-53, 348 S.E.2d at 228-30. The court stated that even though Memco did not know of the leaf and the plaintiff did not demonstrate how long the leaf had rested on the floor, Memco could still be charged with constructive notice. *Id*. at 55, 348 S.E.2d at 231. "If an ordinarily prudent person, given the facts and circumstances Memco knew or should have known, could have foreseen the risk of danger resulting from such circumstances, Memco had a duty to exercise reasonable care to avoid the genesis of the danger." *Id*.

Layne contends that Wal-Mart knew that its customers frequently removed items from their boxes and moved merchandise from the place it was originally displayed to other locations in the store. Given this knowledge, Layne argues that Wal-Mart should have foreseen that a misplaced item, such as the iron in this case, could be left in a position where it would cause an injury such as the one Layne suffered. Layne also asserts that Wal-Mart's efforts to ameliorate this problem were inadequate.

*Yeatman*'s foreseeability test cannot apply to this case. In *Ashby v. Faison and*

*Associates, Inc.*, the Supreme Court of Virginia concluded that the foreseeability standard was only appropriate in cases in which the dangerous condition arose from the "affirmative conduct" of the defendant. 247 Va. 166, 169, 440 S.E.2d 603, 605 (1994). In that case, the court concluded that a pool of water that had accumulated by the door of an office building on a rainy day from other people entering and leaving the premises was not the result of affirmative conduct on the defendant's part. *Id*. Consequently, the court found that the foreseeability standard was not appropriate and applied the normal tests for actual and constructive notice. *Id*. at 170, 440 S.E.2d at 605. Layne's argument assumes that another shopper placed the loose iron on top of the box she removed. Such a hazard was not created by the affirmative conduct of Wal-Mart, and as a result *Yeatman*'s foreseeability test is not applicable to this case.

Moreover, Layne's argument is essentially a restatement of the method theory of liability. In a slip and fall case, the Fourth Circuit described the method theory of liability in the following manner, "If it is reasonably foreseeable that a dangerous condition is created by, or may arise from, the means used to exhibit commodities for sale, and a patron is harmed as a consequence, we think the Virginia law demands reimbursement of the victim." *Thomason v. Great Atlantic and Pacific Tea Co.*, 413 F.2d 51, 52 (4th Cir. 1961). "In the method-theory the storeowner is definitely informed of the threat of peril, for he instituted or adopted the manner of offering or delivering the merchandise." *Id*. The Supreme Court of Virginia has explicitly rejected the method theory as a substitute for notice. *Winn-Dixie*, 240 Va. at 183 n.3, 396 S.E.2d at 651 n.3.

Nonetheless, Layne argues that Wal-Mart insufficiently inspected the displays despite its knowledge that customers often moved items and thereby created a dangerous situation of which it was aware. Wal-Mart's method of selling goods allowed the customers to handle the

5

merchandise and Wal-Mart chose to combat any dangers that might arise from such a method by periodically inspecting the aisles. These were clearly elements of the method Wal-Mart used to display the merchandise and therefore cannot substitute for actual or constructive knowledge under Virginia law.

Next, Layne argues that Wal-Mart had constructive notice under *Roll 'R' Way Rinks*. In that case, a customer fell on a ramp of a roller skating rink that was not securely bolted to the floor and the defendant had notice that the bolts frequently came loose and caused similar accidents. *Roll 'R' Way Rinks*, 218 Va. at 324, 327-28, 237 S.E.2d at 159, 161-62. Although the plaintiff had not produced any evidence that the defendant knew that the ramp was loose on the day he was injured or of how long the ramp had been loose, the court found that "the evidence was sufficient to charge defendant with notice of a structural defect which, even though repaired periodically, continued to cause an unsafe condition of the premises." *Id*. at 327, 237 S.E.2d at 161. In this case, Layne has not produced any evidence that similar accidents occurred from customers moving merchandise. Therefore, *Roll 'R' Way Rinks* is clearly distinguishable from this case.

Finally, Layne argues that the manner in which Wal-Mart displayed the irons was itself a dangerous condition. Her expert, Dr. Robert Anders, will testify that the placement of the unboxed iron created an unsafe condition because Wal-Mart was negligent in placing irons on such a high shelf, allowing a loose iron to be placed on top of the shelf where it cold not be seen, and failing to warn customers about the dangers of removing items from higher shelves. He will also testify that Wal-Mart's display did not comport with "good design practices" because Wal-Mart placed the shelves too high, stacked merchandise in an unsafe manner, and allowed

6

products outside of the box. Because Wal-Mart certainly knew how it displayed the products, Layne argues, it had notice of a dangerous condition on the premises.

This testimony also appears to be a restatement of the method theory of liability. Certainly, the height of the shelves, placement of items outside of boxes, and lack of warning signs are all parts of the method in which Wal-Mart chose to display its irons. Layne argues that Dr. Anders's testimony is different from the method theory because he gives specific reasons for why the display was dangerous. This is not a distinction that is supported by the case law. According to the Supreme Court of Virginia, the method theory of liability would apply when "it is reasonably foreseeable that a dangerous condition is created by, or may arise from, the means used to exhibit commodities for sale." *Winn-Dixie*, 240 Va. at 183 n.3, 396 S.E.2d at 651 n.3 (*quoting Thomason*, 413 F.2d at 52). This definition does not take into account how specifically the plaintiff alleges or proves negligence. Rather, the critical inquiry is whether the liability arises from the "means used to exhibit commodities for sale." *Id*. In this case, Layne attempts to base her claim on just such a showing. Thus, Layne's argument is an application of the method theory, however particularized her allegations of negligence may be.

For the reasons stated above, I will grant Wal-Mart's motion for summary judgment. Layne has not produced any evidence of actual notice or of how long the iron rested atop the box, a necessary showing for constructive notice. Her attempts to prove constructive notice through alternate means are all clearly prohibited by Virginia law. Therefore, I will enter summary judgment in favor of Wal-Mart. As a result, I need not consider Wal-Mart's argument that Layne failed to produce sufficient evidence of a dangerous condition and Wal-Mart's motion to exclude the testimony of Dr. Anders.

7

## V. CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment is **GRANTED**. The Clerk is directed to send a certified copy of this Memorandum Opinion and the attached Order to all counsel of record. The Clerk will be further directed to strike this case from the active docket of this Court.

ENTERED this 11th day of January, 2007.

s/Jackson L. Kiser  
Senior United States District Judge